IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

E-YAGE BOWENS,

    Plaintiff,
v.                                                  CASE NO. 4:16-cv-495-RH-GRJ

LAURA ANN ADAMS, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff, an inmate presently confined at Taylor Correctional Institution, initiated this case by filing a handwritten complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff failed to either pay the $400.00 civil rights filing fee or file a motion for leave to proceed as a pauper. The Court ordered Plaintiff to file an amended complaint on the Court's form and either pay the $400 filing fee or file a motion for leave to proceed as a pauper on the correct forms on or before September 19, 2016. As of this date, Plaintiff has failed to comply. Further, for the reasons discussed below, it is respectfully **RECOMMENDED** that this case be dismissed without requiring Plaintiff to correct these deficiencies because he is subject to the 28 U.S.C. § 1915(g) three-strikes bar.

Plaintiff is serving a sentence in the custody of the Department of Corrections for multiple Miami-Dade County convictions, with a current release date of June 1, 2423. Although Plaintiff's claims in the Complaint are wide-ranging, at base he seeks relief in connection with his underlying convictions under various theories including denial of due process, "domestic mixed war," malfeasance of office, slavery, treason, fraud, extortion, theft, robbery, conspiracy, and racketeering. The named Defendants are state and federal prosecutors, judges, DOC officials, and state agency officials. ECF No. 1. Plaintiff has also filed several specious and improper "commercial judicial notices". ECF Nos. 5, 6, 7.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915 (the *in forma pauperis* statute):

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is commonly known as the PLRA's "three strikes" rule. "A prisoner under imminent danger of serious physical injury can qualify for the 'imminent danger exception,'" but the prisoner must

allege a present imminent danger. *Miller v. Donald*, 541 F.3d 1091, 1095 (11th Cir. 2008); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has run afoul of 28 U.S.C. §1915(g) three strikes rule. Plaintiff previously filed at least three cases or appeals which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See E-Yage Bowens v. Metro West Detention, et al.,* Case No. 13-22702 (S.D. Fla.) ECF No. 4 (8/2/13 R&R recounting previous cases that qualify as "strikes"); ECF No. 6 (order adopting R&R and dismissing case pursuant to three-strikes bar). Plaintiff has filed at least two subsequent cases that count as "strikes": *E-Yage Bowens v. Adams et al.,* Case No. 1:14-cv-21545-FAM (S.D. Fla.) ECF No. 15 (6/12/14 R&R recommending that motion to dismiss for failure to state a claim be granted); ECF No. 16 (6/25/14 order adopting R&R and dismissing case for failure to state a claim); *E-Yage Bowens v. Adams*, Case No. 1:15-cv-22259-FAM (S.D. Fla.) ECF No. 15 (order granting motions to dismiss for failure to state a claim and as frivolous, and finding that removed case was barred from going forward by 28 U.S.C. § 1915(g)). Many of Plaintiff's prior cases sought to assert claims similar to those asserted in this case.

Because Plaintiff is subject to the three-strikes bar, he is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for

genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Plaintiff's allegations in the instant Complaint do not suggest that he can satisfy the "imminent danger" exception to the three-strikes bar. Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

It is therefore respectfully **RECOMMENDED** that this case should be dismissed without prejudice pursuant to the 28 U.S.C. § 1915(g) three-strikes bar, and for failure to prosecute and failure to comply with an order of the Court.

**IN CHAMBERS**, at Gainesville, Florida, this 26th day of September 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**